CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
February 27, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Harrisonburg Division)

**PLANET HOME LENDING, LLC**  *
   *and*  *
**TRUSTEE SERVICES OF VIRGINIA, LLC** *
   *Plaintiffs,*  *
v.  *     **Civil Action No:** 5:25cv14
   *
**SECRETARY OF DEPARTMENT OF**  *
  **HOUSING AND URBAN DEVELOPMENT** *
*Serve:* The Honorable Zachary T. Lee  *
     U.S. Attorney for the Western District of Virginia *
*at:*   310 1st Street S.W., Room 906 *
     Roanoke, Virginia 24011  *
*And serve via Certified Mail:*  *
    The Honorable Pam Bondi,  *
    Attorney General of the United States *
    950 Pennsylvania Avenue  *
    Washington, D.C. 20530-0001  *
*And serve via Certified Mail:*  *
    The Honorable Scott Turmer,  *
    Acting Secretary of Housing and Urban Development *
    451 7th Street, S.W.  *
    Washington, D.C. 20410-0001  *
   *
**BRYAN M. PAYNE**  *
*Serve at:*   466 Meadow Drive  *
     Edinburg, Virginia 22824  *
   *
**FAITH STEEN**  *
*Serve at:*   466 Meadow Drive  *
     Edinburg, Virginia 22824  *
   *
**M. RICHARD EPPS, Trustee**  *
*Serve at:*   605 Lynnhaven Parkway Suite 200 *
     Virginia Beach, Virginia 23452  *
   *
**DARRELL A. DRINKWATER, Trustee** *
*Serve at:*   605 Lynnhaven Parkway Suite 200 *
     Virginia Beach, Virginia 23452  *
   *
**SHENANDOAH MEMORIAL HOSPITAL** *
*Serve:* Walter P. Sowers II JD CHC, registered agent *
*at:*   759 South Main Street  *
     Woodstock, Virginia 22664  *
   *

| | |
|---|---|
|     *and* | \* |
| **WINCHESTER MEDICAL CENTER** | \* |
| *Serve:*  Walter P. Sowers II, registered agent | \* |
| *at:*      220 Campus Boulevard Suite 420 | \* |
|          Winchester, Virginia 22601 | \* |
|                *Defendants.* | \* |

## COMPLAINT FOR A JUDICIAL SALE

COME NOW the Plaintiffs by counsel, hereby respectfully requesting that this Honorable Court enter an order authorizing a judicial sale for the real property commonly known as 466 Meadow Drive, Edinburg, Virginia, and more fully described in paragraph 14 of this Complaint (hereinafter "Property"), pursuant to the authority granted by 28 U.S. Code § 2201 and, in support thereof, state as follows:

1. This Complaint is a request for a judicial sale that is necessitated by there being a "Partial Claim Deed of Trust" recorded in the chain of title for the Property.

2. Said Partial Claim Deed of Trust is a junior lien and provides a security interest to the Secretary of the U.S. Department of Housing and Urban Development for the repayment of a promissory note that is payable to the Secretary.

3. The Plaintiffs, respectively, are the current holder of the original July 30, 2021 Note and the substitute trustee of the July 30, 2021 Deed of Trust securing a purchase-money mortgage loan that encumbers the Property.

4. The Plaintiffs respectfully request that the Property be sold via a judicial sale in order to satisfy the balance of the July 30, 2021 mortgage loan, which is in default for nonpayment.

### PARTIES

5. Planet Home Lending, LLC (hereinafter "Planet") is a Delaware limited liability company that is also registered with the Virginia State Corporation Commission.

6. Planet has its principal place of business in Meriden, Connecticut, and offers and services residential mortgage loans.

7. Planet is the current holder of the primary mortgage loan and beneficiary of the first Deed of Trust that is recorded as a lien in the chain of title for the Property.

8. Trustee Services of Virginia, LLC is a limited liability company, that is registered with the Virginia State Corporation Commission, and is the appointed Substitute Trustee of the July 30, 2021 Deed of Trust securing Planet.

9. The U.S. Department of Housing and Urban Development (HUD) is an agency of the United States Government.

10. The Secretary of HUD is the obligee of a promissory note secured by a Partial Claim Deed of Trust recorded in the chain of title for the Property.

11. Bryan M. Payne and Faith Steen are the current owners of record of the Property. Upon information and belief, they are residents of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

12. Jurisdiction is proper pursuant to 28 U.S. Code § 1331, 28 U.S. Code § 2410, and 28 U.S. Code § 1346 as an agency of the United States is a named defendant and a necessary party.

13. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because the Property at issue is situate within the boundaries of the Harrisonburg Division of the United States District Court for the Western District of Virginia.

## FACTUAL ALLEGATIONS

14. Via a Deed dated July 27, 2021, Bryan M. Payne (hereinafter "Payne") and Faith Steen (hereinafter "Steen"), as joint tenants with right of survivorship, became the owners of record of the real property legally described as,

> All that certain tract or parcel of real estate, together with improvements thereon, lying and being in Madison Magisterial District, Shenandoah County, Virginia, designated as Lot #12, Section Two of Windsor Farms, containing 3.010 acres, more or less, on that certain plat of survey of Cameron G. Copp, Land Surveyor, dated the 21st day of March, 1994, and said plat being recorded in the Clerk's Office of the Circuit Court of Shenandoah County, Virginia in Deed Book 705, Page 421.

>The real estate above described is conveyed specifically subject to those certain restrictive covenants dated July 13, 1978, signed by J. H. Yost, III, for Lots 1-37 Windsor Farms Section II, found recorded in the Office of the Clerk of the Circuit Court of Shenandoah County, Virginia, in Deed Book 385, Page 339, and revisions thereto heretofore recorded,

and commonly known as 466 Meadow Drive, Edinburg, Virginia (hereinafter "Property").

15. Said Deed is recorded among the land records of the Shenandoah County Circuit Court as Instrument 202106141, and a true and accurate copy thereof is attached hereto as **Exhibit A**.

16. In order to purchase the Property, Payne and Steen entered into a purchase-money mortgage loan with Vanderbilt Mortgage and Finance, Inc. dba Silverton Mortgage on July 30, 2021.

17. As part of that mortgage loan, Payne and Steen executed a Note for $348,570.00 and a Deed of Trust, each dated July 30, 2021.

18. The Deed of Trust granted a security interest in the Property to ensure repayment of the mortgage loan, and provided for acceleration of the mortgage loan and foreclosure in the event of a default.

19. Said Deed of Trust is recorded among the land records of the Shenandoah County Circuit Court as Instrument 202106142, and a true and accurate copy thereof is attached hereto as **Exhibit B**.

20. The July 30, 2021 Deed of Trust (Exhibit B) initially named Mortgage Electronic Registration Systems (MERS) as its beneficiary.

21. Via a "Notice of Corporate Assignment of Deed of Trust" executed on February 9, 2023, MERS assigned its interest in the July 30, 2021 Deed of Trust (Exhibit B) to Planet.

22. Said assignment is recorded among the land records of the Shenandoah County Circuit Court as Instrument 202300584, and a true and accurate copy thereof are attached hereto as **Exhibit C**.

23.     Via an Appointment of Substitute Trustee executed on January 21, 2025, Planet appointed Trustee Services of Virginia, LLC as Substitute Trustee of Payne's and Steen's July 30, 2021 Deed of Trust (Exhibit B).

24.     Said Appointment of Substitute Trustee is recorded among the land records of the Shenandoah County Circuit Court as Instrument 202500453, and a true and accurate copy thereof is attached hereto as **Exhibit D**

25.     On February 22, 2016, Shenandoah Memorial Hospital obtained a judgment against Payne in the General District Court for Shenandoah County for $1,465.47 with interest due thereon at 6% from the date of judgment until paid, and $60.00 in Court costs.

26.     Said judgment was docketed (recorded) among the judgment records of the Shenandoah County Circuit Court on April 22, 2016 as Judgment 16-579, and a true and accurate copy thereof is attached hereto as **Exhibit E**.

27.     The February 22, 2016 judgment became a lien against Paynes' interest in the Property just behind the lien of the March 20, 2021 [Purchase-Money] Deed of Trust (Exhibit B).

28.     On October 20, 2016, Winchester Medical Center obtained a judgment against Payne in the General District Court for Shenandoah County for $762.49 with interest due thereon at 6% from the date of judgment until paid, and $60.00 in Court costs.

29.     Said judgment was docketed (recorded) among the judgment records of the Shenandoah County Circuit Court on November 14, 2016 as Judgment 16-1611, and a true and accurate copy thereof is attached hereto as **Exhibit F**.

30.     The October 20, 2016 judgment became a lien against Paynes' interest in the Property behind the lien of the March 20, 2021 [Purchase-Money] Deed of Trust (Exhibit B) and behind the February 22, 2016 judgment lien (Exhibit E).

31.     On February 27, 2017, Shenandoah Memorial Hospital obtained a judgment against

Payne in the General District Court for Shenandoah County for $1,228.75 with interest due thereon at 6% from the date of judgment until paid, and $60.00 in Court costs.

32.     Said judgment was docketed (recorded) among the judgment records of the Shenandoah County Circuit Court on March 27, 2017 as Judgment 17-405, and a true and accurate copy thereof is attached hereto as **Exhibit G**.

33.     The February 27, 2017 judgment became a lien against Paynes' interest in the Property behind the lien of the March 20, 2021 [Purchase-Money] Deed of Trust (Exhibit B), behind the February 22, 2016 judgment lien (Exhibit E), and behind the October 20, 2016 judgment lien (Exhibit F).

34.     On January 4, 2019, Winchester Medical Center obtained a judgment against Steen in the General District Court for Shenandoah County for $1,317.67 with interest due thereon at 6% from the date of judgment until paid, $61.00 in Court costs and $341.67 in attorney's fees.

35.     Said judgment was docketed (recorded) among the judgment records of the Shenandoah County Circuit Court on March 25, 2019 as Judgment 19-342, and a true and accurate copy thereof is attached hereto as **Exhibit H**.

36.     The January 4, 2019 judgment became a lien against Steens' interest in the Property just behind the lien of the March 20, 2021 [Purchase-Money] Deed of Trust (Exhibit B).

37.     In August of 2022, Payne and Steen were offered, and did enter into, a loan modification whereby the past-due balance of their July 30, 2021 mortgage loan was reduced by $10,811.75 by transferring that amount to a junior mortgage loan with HUD.

38.     As part of their mortgage loan with HUD, Payne and Steen executed a promissory note for $10,811.75, payable to the Secretary of HUD, and a "Partial Claim Deed of Trust" in favor of the Secretary of HUD.

39.     The promissory note payable to the Secretary of HUD and Partial Claim Deed of Trust

are each dated August 11, 2022.

40.     Said Partial Claim Deed of Trust granted a security interest in the Property to the Secretary of HUD to ensure repayment of the promissory note for $10,811.75.

41.     The Partial Claim Deed of Trust is recorded among the land records of the Shenandoah County Circuit Court as Instrument 202205673, and a true and accurate copy thereof is attached hereto as **Exhibit I**.

42.     M. Richard Epps and Darrell A. Drinkwater are the named trustees of the Partial Claim Deed of Trust.

43.     Upon information and belief, there are no other persons or entities that currently have an interest in the Property that would be considered a necessary party to this matter.

## Count I - Request for a Judicial Sale

44.     The Plaintiffs hereby restate and incorporate in full paragraphs 1 through 43 above.

45.     In October of 2022, Payne's and Steen's July 30, 2021 mortgage loan with Planet (Exhibit B) fell into default for nonpayment.

46.     Due to said loan default, a notice of default/breach letter was sent to Payne and Steen on November 22, 2024, the default was not cured, and the balance of the July 30, 2021 mortgage loan has been accelerated.

47.     In order to collect the accelerated balance of the July 30, 2021 mortgage loan, Planet wants to exercise its rights in the Property by having the Substitute Trustee of the July 30, 2021 Deed of Trust execute the power of sale provision found within the Deed of Trust.  See Exhibit B § 22.

48.     An exercise of the power of sale provision that is contained in the July 30, 2021 Deed of Trust would typically require a public (nonjudicial) foreclosure sale for the Property held by the trustee or substitute trustee of the Deed of Trust.

49.     However, because the Secretary of HUD also has a security interest in the Property via its Partial Claim Deed of Trust (Exhibit I), a judicial sale is required.

50.     Case law out of the United States Court of Appeals for the Eighth Circuit has specifically held that a non-judicial sale cannot and does not clear title to real property against which liens are held by the United States.  See *Show Me State Premium Homes, LLC v. McDonnell*, 74 F.4th 911 (2023).

51.     In *Show Me*, the Eighth Circuit held that a state tax sale for real property did not clear title to that property, in which the United States' Department of Housing and Urban Development held security interests via the liens of its two mortgages loans, because there was no judicial action wherein the United States was a party.

52.     In *Show Me*, the Court of Appeals reasoned that,

> "[28 U.S.C. § 2410] waives sovereign immunity for, among other things, "civil action[s] ... to foreclose a mortgage or other lien." *Id.* § 2410(a)(2). But, according to the statute, there must be a "judicial sale" first. *Id.* § 2410(c)". *Id.* at 913.

53.     Without a judicial action, in which the United States is a party, followed by a judicially-authorized sale, the lien of the United States remains undisturbed against the real property that is sold.

54.     Furthermore, even with a judicial sale occurring, the Secretary of HUD is statutorily entitled a one-year redemption period pursuant to 28 U.S. Code § 2410(c).  Said redemption period interferes with the ability to sell the Property free and clear of all liens and encumbrances.

55.     A sale of the Property with clear title and no redemption period, will bring the highest and best price for the Property.

56.     The Plaintiffs now respectfully ask this Honorable Court, pursuant to 28 U.S. Code § 2201, authorize a judicial sale of the Property so that (i) the Secretary of HUD is given and receives sufficient due process with respect to her security interest in the Property, (ii) the Secretary of

HUD can protect her interests in the Property, and (iii) the Property can be sold free and clear of all liens and claims.

WHEREFORE, for the reasons so stated above, the Plaintiffs by counsel respectfully request that (i) the Court find that the Secretary of HUD has a security interest in the Property; (ii) the Court find that a judicial sale of the Property is necessary in order to clear the lien against the Property held by the Secretary of HUD; (iii) the Court enter an Order that appoints a Special Commissioner and charges that Special Commissioner with selling the Property free and clear of all liens for fair market value after having the Property listed with a Virginia-licensed real estate agent or broker; (iv) the Court approve a Contract of Sale for the Property after the Court is satisfied that the price offered is fair and reasonable; (v) the Court then authorize the Special Commissioner to convey the Property to the buyer(s) on behalf of Payne and Steen via a Special Commissioner's Deed; (vi) the Court authorize, from the proceeds of the sale, the payment, at closing, of the real estate agent's commission and the Special Commissioner's fees, the payment of pro rata property taxes and the Grantor's recording taxes and fees; (vii) the Court also authorize, from the proceeds of the sale, the payment, at closing, of the balance of the July 30, 2021 mortgage loan held by Planet (Exhibit B), and then the payment of the balance of the February 22, 2016 judgment against Payne held by Shenandoah Memorial Hospital (Exhibit E) from Payne's half-interest in the Property to the extent funds from the sale of the Property are available, and then the payment of the balance of the October 20, 2016 judgment against Payne held by Winchester Medical Center (Exhibit F) from Payne's half-interest in the Property to the extent funds from the sale of the Property are available, and then the payment of the balance of the February 27, 2017 judgment against Payne held by Shenandoah Memorial Hospital (Exhibit G) from Payne's half-interest in the Property to the extent funds from the sale of the Property are available, and then the payment of the balance of the January 4, 2019 judgment against Steen held by Winchester Medical

Center (Exhibit H) from Steen's half-interest in the Property to the extent funds from the sale of the Property are available, and then the payment of the balance of the August 11, 2022 partial-claim mortgage loan held by the Secretary of HUD (Exhibit I) to the extent funds from the sale of the Property are available, and then the payment of Payne and Steen with the remaining funds to the extent funds from the sale of the Property are available; (viii) the Court enter an Order waiving the one-year redemption period that the Secretary of HUD entitled to pursuant to 28 U.S. Code § 2410(c); and (ix) the Court grant the Plaintiffs such further relief as the Court deems necessary and/or appropriate.

        Respectfully submitted,

        **PLANET HOME LENDING, LLC**
          *and*
        **TRUSTEE SERVICES OF VIRGINIA, LLC**
          *by Counsel*

February 27, 2025         /s/ Robert Oliveri
        Robert Oliveri, Esquire (VSB #47247)
        BROCK & SCOTT, PLLC
        484 Viking Drive, Suite 170
        Virginia Beach, Virginia 23452-7321
        757-255-5286 (direct)
        703-840-4279 (facsimile)
        robert.oliveri@brockandscott.com
        *Counsel for the Plaintiffs*